FILED

Mar 25 2020, 10:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Jon A. Keyes
Allen Wellman McNew Harvey, LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jermaine T. Dearman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 25, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2951<br><br>Appeal from the Hancock Superior<br>Court<br><br>The Honorable Dan E. Marshall,<br>Judge<br><br>Trial Court Cause No.<br>30D02-1906-F6-1149 |

**Najam, Judge.**

## Statement of the Case

Jermaine Dearman appeals his conviction for possession of a controlled

substance, as a Level 6 felony, following a bench trial. Dearman presents a

single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We reverse.

## Facts and Procedural History

[2] On June 10, 2019, the State charged Dearman with possession of a controlled substance, as a Level 6 felony ("Count I"), and possession of marijuana, as a Class A misdemeanor ("Count II"). The information for Count I alleged that Dearman violated Indiana Code Section 35-48-4-7(a) (2019) when he possessed "Tetrahydrocannabinols ['THC'] (pure or adulterated) listed in Schedule I" while in the possession of a handgun. Appellant's App. Vol. 2 at 13. Dearman pleaded guilty to Count II.

[3] At a bench trial on Count I, the parties stipulated to the facts, including that Dearman possessed vape cartridges containing hash oil. In his opening statement, defense counsel argued that Dearman could not be convicted as charged because Indiana Code Section 35-48-4-7(a) "specifically excludes marijuana," which is defined in relevant part as hash oil. Tr. at 14. The trial court took the matter under advisement and found Dearman guilty as charged and entered judgment of conviction for Count I. This appeal ensued.

## Discussion and Decision

[4] Dearman contends, and the State agrees, that his conviction on Count I must be vacated. At trial on Count I, the parties stipulated that Dearman possessed "vape cartridges containing THC hash oil." Agreed Stipulation of Facts at 1.

Again, Dearman was charged and convicted under Indiana Code Section 35-48-4-7, which provides in relevant part that

> (a) A person who, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses a:
>
>> (1) controlled substance (pure or adulterated); or
>>
>> (2) controlled substance analog (pure or adulterated);
>
> classified in schedule I, II, III, or IV, *except marijuana*, hashish, or salvia, commits possession of a controlled substance, a Class A misdemeanor, except as provided in subsection (b).
>
> (b) The offense is a Level 6 felony if the person commits the offense and an enhancing circumstance applies.

(Emphasis added). As the parties acknowledge on appeal, "marijuana" is defined in relevant part as "including hashish and hash oil." I.C. § 35-48-1-19(a). Thus, a defendant's possession of hash oil is not a violation of Indiana Code Section 35-48-4-7.

We hold that, because the undisputed evidence shows that Dearman possessed hash oil, his conviction for possession of a controlled substance, as a Level 6 felony, must be vacated.

Reversed.

Kirsch, J., and Brown, J., concur.